

**FILED**
July 27, 2022 10:33 AM
SX-2005-CV-00661
**TAMARA CHARLES**
**CLERK OF THE COURT**

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| DUTCH WEST INDIES TRADING COMPANY, INC. D/B/A BANDWITH VI COMPANY; HURRICANE COMMUNICATIONS, LLLP; BLUEWATER BOTTOMLINE, LLC; PALO DURO COMMUNICATIONS, INC.; NEUTRON COMMUNICATIONS, LLC; AND STORM COMMUNICATIONS, LLC, <br><br> PLAINTIFFS, <br><br> V. <br><br> RALPH ADDINGTON; SWP HOLDING, LLC; ARCOM COMMUNICATION, LLC; SBA TOWERS USVI; HUNTER LOGAN; AND NICHOLS, NEWMAN, LOGAN & D'ERAMO, <br><br> DEFENDANTS. | Case No. SX-2005-CV-00661 <br><br> Action for Breach of Contract and Damages <br><br> Jury Trial Demanded |

Cite as 2022 VI Super 69

**Appearances:**

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
St. Croix, VI 00820
*For Plaintiff Dutch West Indies Trading Company, Inc. d/b/a Bandwidth VI Company*

**Michael J. Tedesco, Esq.**
Andreozzi Bluestein LLP
Clarence, NY 14031
*For Plaintiffs Hurricane Communications, LLLP, Bluewater Bottomline, LLC, Palo Duro Communications, Inc., Neutron Communications, LLC, and Storm Communications, LLC*

**Edward L. Barry, Esq.**
Law Offices of Edward L. Barry, P.C.
Christiansted, VI 00820
*For Defendants Ralph Addington, SWP Holdings, LLC, and Arcom Communications, LLC*

**Justin K. Holcombe, Esq.**
Dudley Newman Feuerzeig LLP
St. Thomas, VI 00804
*For Defendant SBA Towers USVI, Inc.*

**W. Mark Wilczynski, Esq.**
**Lauren N. Wright, Esq.**
Law Offices of W. Mark Wilczynski, PC
St. Thomas, VI 00804
*For Defendants Hunter Logan, Esq. and Nichols, Newman, Logan, and D'Eramo, P.C.*[1]

## MEMORANDUM OPINION AND ORDER

**WILLOCKS**, *Presiding Judge*.

¶1      **THIS MATTER** is before the Court *sua sponte*. For the reasons stated below, the Court, in its capacity as Presiding Judge of the Superior Court, overrules the decision of the Complex Litigation Division judge, which declined to designate this case as complex.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

¶2      Plaintiffs Dutch West Indies Trading Company, doing business as Bandwidth VI Company (hereinafter "Bandwidth VI"), Hurricane Communications, LLLP, Bluewater Bottomline, LLC, Palo Duro Communications, Inc., Neutron Communications, LLC, and Storm Communications, LLC commenced this action in 2005 for breach of contract, fraud, conspiracy, and legal malpractice, among other causes of action. They seek damages (including punitive damages), a declaratory judgment, and specific performance, among other remedies.

¶3      According to the Complaint, this action arose from a plan to build a wireless data-services networks in Puerto Rico and the Virgin Islands in the fall of 2001. Bandwidth VI learned that Ralph Addington (hereinafter "Addington"), SWP Holdings, LLC (hereinafter "SWP"), and Arcom Communications, LLC (hereinafter "Arcom") planned to sell several "properties, lease fee holdings and

---

[1] At all times relevant to this Memorandum Opinion and Order counsel for these Defendants was Henry C. Smock, Esq.

*Dutch W. Indies Trading Co., et al. v. Addington, et al.*
SX-2005-CV-00661
**MEMORANDUM OPINION AND ORDER**
Page 3 of 13

2022 VI Super 69

2-way radio business as [a] 'package deal' for 1.4 million dollars." (Am. Compl. ¶ 17.) Five properties were to be sold, three of which contained towers owned by SBA Towers USVI, Inc. (hereinafter "SBA"). Bandwidth VI obtained an option from Addington, SWP, and Arcom to purchase the properties. Bandwidth VI then leased space on the towers from SBA and entered into a joint venture with Bluewater Bottomline, LLC (hereinafter "Bluewater") to further the project. Bandwidth VI and Bluewater formed several partnerships—including Hurricane Communications, LLLP, Storm Communications, LLP, Neutron Communications, LLC, and Palo Duro Communications, Inc.—to raise capital, and develop and then manage the project. Bandwidth VI and Bluewater and the partnerships and companies they formed will be referred to hereinafter as Plaintiffs collectively.

¶4      Plaintiffs retained Hunter Logan, Esq. and the former law firm of Nichols, Newman, Logan, and D'Eramo, P.C. to advise and assist in the transactions with Addington, SWP, Arcom, and with SBA. Plaintiffs admit that Attorney Logan and his firm had disclosed to them that the firm had represented SBA in the past and had drawn up lease agreements between SBA and Addington, Arcom, and SWP. But Plaintiffs contend that Attorney Logan and the firm failed to disclose that SBA was given a right of first refusal over the same ground leases being sold by Addington, Arcom, and SWP to Plaintiffs. Plaintiffs further contend that Attorney Logan and the firm advised them to go forward with the purchase agreement with Addington, Arcom, and SWP, even though they knew or should have known that the right of first refusal was an encumbrance and a cloud on the titles.

¶5      SBA eventually learned of the pending transaction between Plaintiffs and Addington, Arcom, and SWP, and informed them all of its right of first refusal on three of the five properties Plaintiffs intended to buy – the same three properties on which SBA's towers stood. This lawsuit followed after the transaction fell through. Plaintiffs sued Addington, Arcom, SWP, Attorney Logan and his law firm, and SBA for breach of contract (as to Addington, SWP, and Arcom), for fraud (as to Addington SWP, and

Arcom), for tortious interference (as to SWP), for conspiracy (all Defendants), for legal malpractice and breach of contract (as to Attorney Logan and the law firm), for declaratory judgment that no right of first refusal exists (as to SBA), for specific performance (as to Addington, Arcom, and SWP), and for a declaratory judgment that they are not liable for rent on the towers from the assertion of the right of first refusal until specific performance is ordered (as to SBA).

¶6    Defendants Attorney Logan and the law firm appeared and answered the complaint on December 15, 2005. Defendants Addington, Arcom, and SWP appeared on December 20, 2005, and moved to dismiss for failure to state a claim for relief. That motion remains pending. SBA appeared and answered the complaint on December 28, 2005, and counterclaimed against Bandwidth VI for unpaid rent on the five-year Antenna Site Agreement. SBA then moved for summary judgment and to stay discovery, which Plaintiffs opposed. Both motions remain pending. Several discovery-related motions and stipulations were filed. Other than a recusal order and orders concerning the withdrawal and appearance of counsel, no other orders were entered by a Superior Court judge until March 21, 2019, when the Court (Meade, J.) scheduled this matter for a status conference on April 11, 2019. The Court heard from the parties, directed them to meet and confer and submit a proposed scheduling order, and then referred this matter to mediation.

¶7    By order dated August 29, 2019, entered August 30, 2019, the Court (Meade, J.) *sua sponte* referred this matter to the Complex Litigation Division for the Judge (Molloy, J.) to determine whether this case should be designated complex. In response, Defendants Addington, SWP, and Arcom said they took no position but actually opposed treating the case as complex; they believed there really should only be one plaintiff which would simplify the case. Defendants Logan and the firm did not respond. Plaintiffs supported designating the case as complex, noting that, even though it does not fit within any of the presumptively-complex categories, it "certainly requires exceptional judicial management to ensure that it is brought forward in an efficient manner[,]" in part because "[t]here are several parties on each side of

the matter with five different firms representing plaintiffs and defendants cumulatively." (Pls' Br. Re: Transf. to Complex Litig. Div. 7, filed Oct. 22, 2019.) Defendant SBA concurred, explaining that "[t]his case presents both simple and complex issues." (Def. SBA Towers USVI, Inc. Br. in Supp. of Transf. to Complex Litig. Div. 1, filed Oct. 22, 2019.) Defendant SBA reasoned that this case "is simple because Plaintiffs' claims against SBA and SBA's counterclaims against Bandwidth VI Company . . . present discrete legal issues that easily may be resolved by summary judgment." *Id.* at 1. "However, when considered as a whole, the case is complex . . . . Indeed, in a single action, Plaintiffs are asserting tort claims, a legal malpractice claim, and claim a breach of contract. In addition, they are seeking a declaratory judgment and punitive damages." *Id.* at 1-2.

¶8    The Court (Molloy, J.) heard argument from the parties on October 30, 2019, and ruled from the bench that the case was not complex. A written order was entered the same day but did not state any findings or reasoning. Nothing further regarding the referring judge's request for complex designation has occurred to date. No motions have been resolved yet, however, including the December 20, 2005 motion to dismiss Defendants Addington, Arcom, and SWP filed, as well as the summary judgment motion SBA filed on October 24, 2006.

## II.    DISCUSSION

¶9    Title 4, Section 72b of the Virgin Islands Code vests the Presiding Judge with the authority to balance the cases among the judges. See 4 V.I.C. § 72b(a) ("The presiding judge of the Superior Court shall be the administrative head . . . . He shall be responsible for . . . prescribing the duties of its judges and officers . . . . [H]e shall from time to time designate the judges who are to sit in each judicial division and divide the business in such manner as will secure the prompt dispatch of the business of the court and equalize the case loads of the several judges . . . ."). Rule 92(g) of the Virgin Islands Rules of Civil Procedure provides that the decision on whether to designate a case as complex does not "affect the

*Dutch W. Indies Trading Co., et al. v. Addington, et al.*
SX-2005-CV-00661
**MEMORANDUM OPINION AND ORDER**
Page 6 of 13

2022 VI Super 69

authority of the Presiding Judge . . . to supervise the caseloads of the several judges . . . ." V.I. R. Civ. P. 92(g). This Court reads Rule 92(g) as authorizing the Presiding Judge to overrule the decision of the Complex Litigation Division judge, either to decide that a case should remain with the judge to whom it is presently assigned or, as in this instance, to decide that a case should be designated complex. *Accord In re Alumina Dust Claims*, S. Ct. Civ. No. 2021-0014, 2021 V.I. Supreme LEXIS 10, *2 (V.I. May 13, 2021) ("Rule 92(g) itself states that the authority of the Presiding Judge to supervise the caseloads pursuant to title 4 of the Virgin Islands Code—which includes the authority to assign cases, *see* 4 V.I.C. § 72b—is not affected."). Any other interpretation would infringe on the statutory authority of the Presiding Judge to balance the caseloads of the judges. *Cf. Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 574 (2015) (referring to the statutory assignment power of the presiding judge as a matter affecting substantive rights); *see also Gerace v. Bentley*, 65 V.I. 289, 303 (2016) ("'If a statute and a court rule cannot be harmonized, the court rule will generally prevail in procedural matters and the statute in substantive matters.'" (citation omitted). Ergo, this Court holds that the Presiding Judge retains the discretion to overrule the decision of the Complex Litigation Division judge as to whether a case should or should not be complex. This discretion should only be exercised "if allowing the prior order to stand would be unjust or cause further delay." *Victor v. Hess Oil V.I. Corp.*, 69 V.I. 484, 491 (Super. Ct. 2018); *accord In re: Kelvin Manbodh Asbestos Litig. Series*, 69 V.I. 394, 439 (Super. Ct. 2018) ("'One judge should not *ordinarily* overrule the interlocutory decision of another judge of the same court in the same case.'" (emphasis added) (quoting *Goldey v. Trs. Of the Univ. of Pa.*, 675 A.2d 265, 266 (Pa. 1996))).

¶10     The Complex Litigation Division of the Superior Court exists to provide 'a centralized approach' and 'continuous and extensive judicial management' for all cases designated as complex." *Highland Credit Opportunities CDO, Ltd. v. Evans-Freke*, 74 V.I. 275, 281 (Super. Ct. 2021) (quoting *Victor v. Hess Oil V.I. Corp.*, 69 V.I. 484, 491 (Super. Ct. 2018)). Rule 92 of the Virgin Islands Rules of Civil

Procedure specifies the procedure for deciding whether a case should be complex. *See generally* V.I. R. Civ. P. 92(b)-(c). "Class actions, securities claims or investment losses involving multiple parties, and environmental tort claims, mass tort claims, or toxic tort claims commenced as one action or multiple, individual actions, are several types of cases that are presumptively complex."' *Highland Credit Opportunities CDO, Ltd.*, 74 V.I. at 281 (ellipsis, internal quotation marks, and citation omitted).

¶11     As the parties note – and as the Complex Litigation Division Judge found – this case does not fit within any presumptively-complex category. (*See* Defs. Addington, SWP Holding, LLC, and Arcom Comm., LLC's Adv. to Ct. 4, filed Oct. 21, 2019 ("This case does not present any '*presumptively* complex claims' as defined by Rule 92(b) . . . ."); Pls' Br. 4 ("The present case does not fall into any of the six enumerated types of claims that are considered presumptively complex under Rule 92(b)(1)-(6).").) The case does not involve toxic or environmental torts, nor does it arise from a natural or territory-wide disaster. *See* V.I. R. Civ. P. 92(b)(3) (presumptively complex cases include "contract, statutory, or tort claims . . . arising out of a natural disaster or other territory-wide or island-wide event[.]"). At best it could fit within the category of "investment losses involving multiple parties[.]"V.I. R. Civ. P. 92(b)(4).

¶12     However, the inquiry does not end with the presumptively-complex categories because "a case can be deemed complex if it involves a large number of parties, or when coordinated discovery across multiple cases would be advantageous." *Highland Credit Opportunities CDO, Ltd.*, 74 V.I. at 281 (internal quotation marks and citation omitted). "Cases can also be complex if they require specialized expertise and case processing, or when issues of insurance, limits on assets and potential bankruptcy can be best addressed in coordinated proceedings." *Id.* (internal quotation marks and citation omitted). Even "a single case, unrelated to any other and regardless of the number of parties, can . . . be complex if it 'requires exceptional judicial management.'" *Id.* (quoting *Sixteen Plus Corp. v. Yousef*, 72 V.I. 610, 627 (Super. Ct. 2020)).

¶13     In support of designating this case complex, the Court notes first that the judge who referred this matter for consideration believed it warranted complex treatment. Defendants Addington, SWP, and Arcom suggest that the referring judge's determination is entitled to some weight and this Court agrees. (*See* Defs. Addington, SWP Holding, LLC, and Arcom Comm., LLC's Adv. to Ct. 4 ("Whether it is nevertheless a 'complex case'—more generally defined as 'a civil action or proceeding that requires exceptional judicial management to avoid placing unnecessary burdens on the court,' V I R Civ P 92(a),— is a very subjective, discretionary determination. The judge to whom the case is presently assigned appears to conclude that it so qualifies, and the Complex Litigation Division should take the referring Judge's views into account in deciding which option offers the best prospects for efficient and economical case management.").) *Accord* V.I. R. Civ. P. 92(d) ("Each action or proceeding . . . which the judge to whom it is initially assigned believes should be subject to management as a complex case, shall be forwarded as soon as practically possible to the Complex Litigation Division judge for a determination— after . . . *consultation with the judge* to whom the action or proceeding was initially assigned—whether that action or proceeding should be treated as a complex case." (emphasis added)).) There is no indication that the Complex Litigation Division Judge consulted with the referring judge or took his determination into account since no written findings were entered. *Contra* V.I. R. Civ. P. 92(c) ("The determination whether a case is complex shall be made . . . in a *written order* after appropriate consideration to the type of claims involved, the law . . . and  . . . [the various] factors [for and against complex treatment]. . . ." (emphasis added)). This factor supports reexamining the decision not to treat this case as complex.

¶14     Second, Plaintiffs and Defendant SBA both agree that this case warrants complex treatment, while Defendants Addington, Arcom, and SWP took no position, believing Bandwidth VI's companies and partnerships were improperly joined as Plaintiffs. The position of the parties is also a factor that must be considered when deciding whether to designate a case complex. *See* V.I. R. Civ. P. 92(d) ("Each action

*Dutch W. Indies Trading Co., et al. v. Addington, et al.*
SX-2005-CV-00661
**MEMORANDUM OPINION AND ORDER**
Page 9 of 13

2022 VI Super 69

or proceeding . . . which the judge to whom it is initially assigned believes should be subject to management as a complex case, shall be forwarded as soon as practically possible to the Complex Litigation Division judge for a determination—after *hearing from the parties* . . . —whether that action or proceeding should be treated as a complex case . . . ." (emphasis added)); *accord Gov't of the V.I. v. Indyke*, No. ST-2020-CV-00014, 2021 V.I. LEXIS 88, *4 (V.I. Super. Ct. Dec. 7, 2021) ("Considering that the parties are in agreement, and that litigants generally have the right to choose the division in which their case is heard, the Court concurs that Indyke should be designated as complex. More than the parties' agreement compels this conclusion, however."). Here, Defendants Logan and the law firm did not respond. Defendants SBA and Plaintiffs agreed that the case should be complex. And Defendant Addington, SWP, and Arcom stated that it took no position. Consensus among the parties who considered the whether complex treatment is warranted is another factor that weighs in favor of reexamining the decision not to treat this case as complex.[2]

¶15    More importantly, the Court agrees with Plaintiffs and Defendant SBA that "this case would benefit from the specialized expertise and case processing by the dedicated Complex Litigation Division judge and staff." (Def. SBA Towers USVI, Inc.'s Br. at 2; *accord* Pls' Br. 7 ("The expertise of the Complex Litigation Division in coordinating discovery and case management issues among several parties would certainly help push this case forward promptly.").) Plaintiffs highlight that "[o]ver the course of the last decade the parties have not been able to agree on a course to push discovery forward and help move the case along, not even a scheduling order." (Pls.' Br. 7.) And Defendant SBA notes that "the Superior Court has had trouble managing this case. It has been idle for many years and dispositive motions

---

[2] In fact, agreement on designating a case complex is not common. *Cf. Highland Credit Opportunities CDO, Ltd.*, 74 V.I. at 282-83 (discussing plaintiffs' opposition to complex designation); *Sixteen Plus Corp.*, 72 V.I. at 625-26 (Super. Ct. 2020) (discussing defendants' opposition to complex designation)

have remained pending for over a decade. This type of extraordinary delay often occurs [in] complex cases and is the very reason for the creation of the Complex Litigation Division." (Def. SBA Towers USVI, Inc. Br. 2; *accord id.* at 5 ("In this case, specialized expertise in managing commercial litigation will be important for moving the case forward. It may also result in a more efficient disposition of this matter both in terms of scheduling and consideration of pending motions.").)

¶16    To be sure, delay is not a factor for designating a case as complex. But, as Defendant SBA points out, delay does tend to occur more often in complex than in non-complex cases and particularly in complex cases with multiple claims by multiple plaintiffs against multiple defendants. *See generally id.* at 5 (quoting Paula L. Hannaford-Agor, *et al.*, *Evaluation of the Centers for Complex Civil Litigation Pilot Program*, Nat'l Cntr for State Courts, 4 (2013)). Plaintiffs also note that the posture of a case is a factor to be considered in deciding whether the expertise of the Complex Litigation Division is warranted. (*See* Pls' Br. 4 ("The posture of the case is unusual. The case is fourteen years old but yet one party still has not answered No discovery responses have been served from the Addington Defendants or SBA. There are 13 outstanding motions . . . .").) *Accord* V.I. R. Civ. P. 92(c) ("The determination whether a case is complex shall be made . . . after appropriate consideration . . . [as to] . . . (2) whether management of the case on the Complex Litigation Division Docket may unreasonably delay the case . . . .").

¶17    Although initially stating that they took no position, Defendants Addington, SWP, and Arcom did assert that this case should not be designated complex because there really should only be one Plaintiff, Hurricane Communications, LLLP. (Defs. Addington, SWP Holdings, LLC, and Arcom Comm., LLC's Adv. to Ct. 5 ("Addington submits that any potential complexity is illusory and results from the unnecessary and improper multiplicity of the parties.").) That may be correct, and if so, the case could be returned to the referring judge once its complexity has lessened. *Cf.* V.I. R. Civ. P. 92(e)(2) ("[I]f the Complex Litigation Division judge later determines that the action should no longer be treated as complex,

the case shall be returned to the Clerk to be transferred to the appropriate division and reassigned to the appropriate judge."). But the fact that a case might one day be made simple is not a reason to refuse to treat it as complex now. Instead, the question is whether the case, in its present posture, warrants complex treatment.

¶18    Complex treatment is warranted here for several reasons, including the posture of the case, its age, the number of pending motions and changes in the law since the motions were filed, the number of parties (six Plaintiffs and six Defendants), and the number of claims (eight or more claims for relief brought by all six Plaintiffs, some against all six Defendants; and a counterclaim by one Defendant against one Plaintiff). Although this case is not presumptively complex, it is one where management by the Complex Litigation Division will help to streamline proceedings, reduce expense and delay, and potential prejudice to the parties. *Cf.* V.I. R. Civ. P. 92(c)(2). As Defendant SBA notes,

> In a complex case the pleading stage lasts for a much longer period of time, often lasting four to six months. More complex cases often involve cross and third party claims, which necessarily lengthen the pleading stage as newly added parties are served, retain counsel, and file responsive pleadings. Cases involving large numbers of parties also require more time for the lawyers to organize themselves and begin preparations for the discovery and negotiation phases of litigation. (Def. SBA Towers USVI, LLC's Br. 5 (ellipsis omitted) quoting Hannaford-Agor, *Evaluation of the Centers for Complex Civil Litigation Pilot Program* 4).)

In this instance, eighteen years after they appeared, Defendants SBA, Addington, SWP, and Arcom have not yet answered. If they were to counterclaim or crossclaim, or assert third-party claims, this eighteen-year old case would be further delayed just getting beyond the pleading stage. Even if no further claims are added and all Plaintiffs are properly before the Court, the case still has to be streamlined, possibly by severing claims into separate lawsuits to be coordinated under a master case.[3] At present, however, this

---

[3] For example, the Plaintiffs initially appeared through the same counsel. In 2010, however, all Plaintiffs except Bandwidth VI changed counsel. Counsel for Plaintiff Bandwidth VI recently moved to amend the complaint. Although the motion only sought to correct the name of Bandwidth VI (to Dutch West Indies Trading Company doing business as Bandwidth VI Company), it

case is complex because it involves "a large number of parties[,]" V.I. R. Civ. P. 92(c)(1), asserting multiple claims in "a complex commercial dispute[,]" "related to a proposed transaction involving wireless data towers[,]" that involves "legal issues . . . [and] challenges . . . not present in a typical case." (Def. SBA Towers USVI, LLC's Br. 4.) Specialized expertise and processing by the Complex Litigation Division staff will assist here.

## III. CONCLUSION

¶19     For the reasons stated above, this Court holds that the Presiding Judge of the Superior Court retains the discretion to overrule a decision of the judge assigned to the Complex Litigation Division and designate a case as complex or rescind the complex designation, discretion that should only be exercised in rare instances where allowing the prior order to stand would be unjust or cause further delay. Here, given the age of this case, the number of parties, the variety and quantity of claims (contract claims, tort claims, and claims for declaratory relief), and the overall delay in resolving motions that have been pending for over a decade – not designating this case as complex would be unjust and will cause further delay. The parties agreed with the referring judge that this case warrants complex treatment. This Court agrees. However, to avoid further burdening the judge assigned to the Complex Litigation Division, the Court will reassign this matter to its own docket. Accordingly, it is hereby

**ORDERED** that, pursuant to Rule 92(g) of the Virgin Islands Rules of Civil Procedure, the Order dated and entered October 30, 2019 is **OVERRULED**. It is further

**ORDERED** that pursuant to Rule 92(c) of the Virgin Islands Rules of Civil Procedure, this case is **DESIGNATED** as **COMPLEX**, and the Clerk's Office shall note the designation on the case management system. It is further

---

does highlight concerns that may arise should multiple plaintiffs in the same case with different counsel differ over how their case should proceed.

*Dutch W. Indies Trading Co., et al. v. Addington, et al.*
SX-2005-CV-00661
**MEMORANDUM OPINION AND ORDER**
Page 13 of 13

2022 VI Super 69

**ORDERED** that, pursuant to Title 4, Section 72b(a) of the Virgin Islands Code, this matter is

**REASSIGNED** to the docket of the undersigned judge for all further proceedings. It is further

**ORDERED** that the Staff Master shall hold a status conference in this case within **twenty-eight**

**(28) days** from the date of entry of this Order and report back to the Court on the status of the case.

**DONE and SO ORDERED** this ____26____ day of July, 2022.

**HAROLD W.L. WILLOCKS**
Presiding Judge of the Superior Court

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____
Court Clerk

Dated: ____7/27/2022____

**FILED**
July 27, 2022 10:35 AM
SX-2005-CV-00661
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
District of St. Croix

| | |
|---|---|
| **Dutch West Indies Trading Company, Inc. et al,** | Case Number: **SX-2005-CV-00661** |
| **Plaintiff** | Action: **Damages** |
| **v.** | |
| **Ralph Addington, et al,** | |
| **Defendant.** | |

## NOTICE of ENTRY
### of
### <u>Memorandum Opinion and Order</u>

**To:** Michael Joseph Tedesco, Esq.          W. Mark Wilczynski, Esq.
      Lee J. Rohn, Esq.                     Edward L. Barry, Esq.
                                            Justin K. Holcombe, Esq.

**Please take notice that on July 27, 2022**
**a(n)** _____ **Memorandum Opinion and Order** _____
            **dated** _____ **July 26, 2022** _____ **was/were entered**
      **by the Clerk in the above-titled matter.**

**Dated:** **July 27, 2022**

                                            **Tamara Charles**
                                            **Clerk of the Court**
                            By:

                            _Janeen Maranda_

                                            **Janeen Maranda**
                                            **Court Clerk II**